

Kimberly J. Salomon
Of Counsel
ksalomon@formanlaw.com
201.857-7101

February 12, 2024

<u>Via ECF and E-mail</u>
Hon. Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

**Re:**   Elizabeth M. Convery
Case No. 22-16516 (VFP)
Hearing Date:  February 15, 2024 at 10:00 a.m.

Dear Judge Papalia:

This firm represents Charles M. Forman, the chapter 7 trustee (the "Trustee") for Elizabeth M. Convery (the "Debtor") in the above-referenced matter.  Please accept this letter as a limited objection to the motion for an order authorizing the law firm of Scura, Wigfield, Heyer, Stevens & Cammarota, LLP ("Scura Firm") to withdraw as counsel for the Debtor [Doc. No. 90].

The Scura Firm informed me as early as December 4, 2023 that it intended to file a motion to be relieved as counsel in this case.  With the Scura Firm's approval, I had telephone conversations and e-mail exchanges with the Debtor directly during the first week of January 2024 about her need to find a new attorney.  On January 3, 2024, I emailed the Debtor a list of websites for legal services that she could contact to assist her in this case in an effort to help her find new counsel.  The Debtor has known for more than two months that she would need to find new counsel.

On January 30, 2024, the Debtor e-mailed me to ask if we could delay the sale of her house until she found a new attorney.  I responded that we would delay listing the property for another week to give her additional time to find an attorney, but the Trustee could not delay indefinitely.

On February 9, 2024, the Trustee's real estate agent listed the Debtor's property for sale and, within the first 24 hours, received 10 requests to see the property from interested buyers.  However, the Debtor refused to allow the property to be shown this past weekend, citing myriad reasons and excuses, including her lack of an attorney.

F0210123 - 1

Hon. Vincent F. Papalia
February 12, 2024
Page 2

The Trustee objects to the Scura Firm's withdrawal as counsel for the Debtor on a limited basis, only until the Debtor can obtain new counsel to represent her in this case. The Debtor's lack of counsel should not be an excuse for the Debtor to delay the sale of her property or to impede the Trustee's ability to administer the estate. Moreover, given the litigation that is anticipated in connection with the sale of the Property, the Debtor should have representation. The Debtor's inability or unwillingness to find a new attorney should not stall or prevent the Trustee from liquidating assets of the estate.

The Trustee respectfully requests that this Court deny the Scura Firm's motion to withdraw as counsel for the Debtor, on a limited basis, only until the Debtor can obtain new counsel to represent her in this case.

Respectfully submitted,

Kimberly Salomon

cc:   David L. Stevens, Esq.
      Elizabeth M. Convery
      Charles M. Forman, Trustee

F0210123 - 1