| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>Telephone: (201) 845-1000<br>Attorneys for Charles M. Forman,<br>Chapter 7 Trustee<br>Kimberly J. Salomon, Esq.<br>ksalomon@formanlaw.com |

| | |
|---|---|
| In Re:<br><br>ELIZABETH M. CONVERY,<br><br>                        Debtor. | Chapter:   7<br><br>Case No.: 22-16516 (VFP)<br><br>Judge: Hon. Vincent F. Papalia |

**ORDER AUTHORIZING SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §§ 363(b), (f), (h) and (m) AND FOR RELATED RELIEF**

      The relief set forth on the following pages, numbered two (2) through six (6), is hereby ORDERED.

{F0214545 - 1}

Page 2
Debtor:      Elizabeth M. Convery
Case No.:    22-16516 (VFP)
Caption:     Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief

Upon consideration of the motion filed by Charles M. Forman, the chapter 7 trustee (the "Trustee") for the estate of Elizabeth M. Convery (the "Debtor") for the entry of an order authorizing the sale of real property located at 455 Lebanon Street, Wyckoff, New Jersey (the "Property") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 363(b), (f), (h) and (m) and for related relief (the "Motion"); and the court having considered the pleadings submitted in support of the Motion; and all creditors and parties-in-interest having received good and sufficient notice of the Motion and the proposed sale by the Trustee consistent with applicable Federal and Local Rules of Bankruptcy Procedure; and the Court having considered all responses and objections to the Motion, if any; and based upon the record established during the course of this case; and for good cause shown; it is hereby

ORDERED that:

1. The Contract of Sale, Addendum to the Contract of Sale and Buyer's Rider (collectively, the "Contract"), attached as <u>Exhibit A</u> to the Certification of Charles M. Forman submitted in support of the Trustee's Motion to sell the Property to the purchaser, Walid Salyman (the "Buyer"), is hereby approved.

2. The terms and conditions of the proposed sale of the Property described in the Certification of Charles M. Forman and Memorandum of Law in support of the Motion, and in the Contract are approved in all respects. Pursuant to 11 U.S.C. §363(b), the Trustee is authorized, directed, and empowered to sell the Property to the Buyer pursuant to the Contract,

{F0214545 - 1}

Page 3
Debtor:     Elizabeth M. Convery
Case No.:   22-16516 (VFP)
Caption:    Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief

---

and to take all further actions as reasonably may be required and that are consistent with this order for the purpose of effectuating the sale.

3. Pursuant to 11 U.S.C. §363(f), the Property shall be transferred to the Buyer free and clear of all interests, mortgages, liens, claims, judgments, encumbrances and charges of any kind or nature, with all such interests, mortgages, liens, claims, judgments, encumbrances and charges to attach to the proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have or as otherwise directed by the court.

4. Pursuant to 11 U.S.C. §363(h), the Trustee is authorized to sell both the estate's interest and the interest of Brian Convery in the Property to the Buyer.

5. Except as set forth herein, the Property is sold "AS IS" and "WHERE IS" and shall remain subject to all recorded and enforceable easements, rights of way, permissive and restrictive covenants, and all outstanding code violations, if any.

6. All persons and entities including, without limitation, any federal, state, or local government agent, department, or instrumentality, holding liens or claims against the Debtor arising on or before the closing date, or out of events occurring before the closing date, of any kind and nature with respect to the Property are barred from asserting such liens and claims of any kind and nature against the Property and the Buyer.

7. The Buyer is a good faith purchaser for value entitled to the protections of 11 U.S.C. §363(m).

{F0214545 - 1}

Page 4
Debtor:     Elizabeth M. Convery
Case No.:   22-16516 (VFP)
Caption:    Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief

8. The secured claim asserted by the Convery 2008 Family Trust (the "Convery Trust") pursuant to a mortgage in the principal amount of $250,000 dated November 9, 2021 and recorded with the Bergen County Clerk on November 17, 2021 as Instrument No. 2021171461 in Mortgage Book 4462, Page 1374 (the "Convery Trust Mortgage") shall be paid from the proceeds of sale at closing, which payment shall be a full and final satisfaction of the Convery Trust's secured claim against the Property and the Debtor's estate, including any proofs of claim filed by the Convery Trust in this case.

9. The secured claim asserted by Rocket Mortgage, LLC f/k/a Quicken Loans, LLC ("Rocket Mortgage") pursuant to a mortgage in the principal amount of $410,000 dated December 13, 2021 and recorded with the Bergen County Clerk on January 11, 2022 as Instrument No. 2022004458 in Mortgage Book 4530, Page 659 (the "Rocket Mortgage") shall be paid from the proceeds of sale at closing, which payment shall be a full and final satisfaction of Rocket Mortgage's secured claim against the Property and the Debtor's estate, including any proofs of claim filed by Rocket Mortgage in this case.

10. In accordance with the Contract, the Trustee is authorized to pay Keller Williams Village Square Realty, real estate agent for the Trustee, a real estate commission of $21,875 which is 2.5% of the purchase price of $865,000 plus $250. The Trustee is also authorized to pay United Real Estate, real estate agent for the Buyer, a real estate commission of $21,375, which is 2.5% of the purchase price less $250. Payment of real estate commissions shall be made from the proceeds of sale at closing.

{F0214545 - 1}

Page 5
Debtor: Elizabeth M. Convery
Case No.: 22-16516 (VFP)
Caption: Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief

11. The Trustee be and hereby is authorized to pay all other closing costs associated with the sale of the Property, including but not limited to property taxes, municipal charges, or other credits, from the proceeds of sale at closing in the ordinary course of business without further order of the court.

12. The Trustee is authorized to disburse 50% of the net proceeds of sale, after payment of all secured liens, real estate commissions, and closing costs, to Brian Convery as full and final satisfaction of his co-owner interest in the Property. In the event Brian Convery asserts an interest in the net proceeds of sale greater than 50%, the Trustee shall hold all net proceeds of sale in the estate account pending a determination of Brian Convery's interest by a court of competent jurisdiction.

13. The Trustee is authorized to disburse to the Debtor her claimed exemption of $27,900 from the net proceeds of sale pursuant to 11 U.S.C. §522(d)(1).

14. The closing of sale for the Property shall take place on or before June 15, 2024, at a time and location to be determined by the parties. The parties may mutually agree in writing to extend the deadline to close the sale of the Property without further notice to creditors or order of the Court.

15. The Debtor and any other current occupants of the Property are directed to vacate the Property and turn over the keys to the Property to the Trustee or his professionals or before June 1, 2024.

{F0214545 - 1}

| | |
|---|---|
| Page 6 | |
| Debtor: | Elizabeth M. Convery |
| Case No.: | 22-16516 (VFP) |
| Caption: | Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief |

16. The Debtor is directed to remove all personal belongings from the Property, including any vehicles that are stored at the Property, and to leave the Property in "broom clean" condition.

17. In the event the Trustee is required to incur out of pocket costs to remove any personal belongings of the Debtor remaining at the Property after June 1, 2024, the Trustee is authorized to surcharge the Debtor's exemption for such costs and to reduce the Debtor's exemption accordingly.

18. This Court retains exclusive jurisdiction to enforce and implement this Order and to resolve any disputes, controversies or claims arising out of or relating to this Order or the contract.

19. All filing and recording officers are directed to accept, file, and record all instruments of transfer to be filed and recorded pursuant to and in accordance with this Order.

20. Any stay of this order pursuant to Fed. R. Bankr. P. 6004(h) is waived.

{F0214545 - 1}