**BECKER LLC**
ATTORNEYS AT LAW

ERIC R. PERKINS

MEMBER OF NJ BAR

Becker LLC
Eisenhower Plaza Two
354 Eisenhower Parkway
Suite 1500
Livingston, New Jersey 07039

Direct:      (973) 251-8925
Main:       (973) 422-1100
Facsimile:  (973) 422-9122

eperkins@becker.legal

May 3, 2024

**VIA ECF AND ELECTRONIC MAIL**
Honorable Vincent F. Papalia, U.S.B.J.
United States Bankruptcy Court for the District of New Jersey
Martin Luther King Federal Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    Elizabeth M. Convery, Debtor
            Case No. 22-16516 (VFP)

Dear Judge Papalia:

      This office represents Brian Convery, the current husband of the Debtor, Elizabeth Convery, in connection with above-referenced matter. Please accept this letter in lieu of a more formal response to the Debtor's Limited Objection to the Trustee's proposed form of order approving the sale of the marital residence located at 455 Lebanon Street, Wyckoff, NJ ("Property").

      In reviewing the papers submitted by Debtor's Counsel, what the Debtor fails to mention, is that up until recently, Mr. Convery was attempting to assist the Debtor in removing items from the marital home in anticipation of the sale by the Chapter 7 Trustee, Charles Forman. However, the last time Mr. Convery was in the marital home, removing various items, the Debtor objected to his presence, and called the police and obtained a temporary Criminal Restraint preventing Mr. Convery from setting foot on the Property and going anywhere near the Debtor. At the subsequent hearing on the Criminal Restraint, the Debtor insisted upon the entry of the Civil Restraint against Mr. Convery preventing him from going to the Property and/or going anywhere near the Debtor. Under those circumstances, the Debtor has created a situation where Mr. Convery cannot and will not violate a court order or place himself in the vicinity of the Debtor in light of her current behavior.

      The Debtor also fails to mention that she has living in the State of New Jersey, two grown able-bodied sons, who have friends, who should be enlisted to assist her. If there are items that she wishes to provide to Mr. Convery, their sons are certainly capable of bringing those items to him.

**BECKER** LLC
ATTORNEYS AT LAW

May 3, 2024
Page 2 of 2

    It should also be noted, which the Debtor again fails to advise this Court, that the entire carrying charges of the marital home have been and continue to be shouldered by Mr. Convery who is also paying for her vehicles.

    The Debtor is employed and it is unclear as to what she is doing with her income. If the Debtor believes that she is entitled to some type of remuneration in the context of the move, since the matrimonial stay has been lifted, that is an issue best decided in the Matrimonial Court.

    Mr. Convery shares in the Trustee's concern that the Debtor will engage in whatever tactics are necessary to delay the closing on the Property. It is actually, in everyone's best interest, that the closing take place as scheduled and not result in the Bankruptcy Estate and Mr. Convery losing this buyer because of Debtor's actions including the present circumstances described herein.

    Consequently, Mr. Convery respectfully requests this Court enter the proposed form of order submitted by the Chapter 7 Trustee without any further amendments and direct the Debtor to take up whatever claims and/or issues she may have with Mr. Convery in the Matrimonial Court where those claims and issues belong.

    Respectfully submitted,
    BECKER LLC

    ERIC R. PERKINS

ERP/tc

cc:    Mr. Brian Convery (Via E-mail)
       David Stevens, Esq. (Via E-mail)
       Kimberly Salomon, Esq. (Via E-mail)