

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>Telephone: (201) 845-1000<br>Attorneys for Charles M. Forman,<br>Chapter 7 Trustee<br>Kimberly J. Salomon, Esq.<br>ksalomon@formanlaw.com | Order Filed on May 14, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>ELIZABETH M. CONVERY,<br><br>       Debtor. | Chapter: 7<br><br>Case No.: 22-16516 (VFP)<br><br>Judge: Hon. Vincent F. Papalia |

**ORDER AUTHORIZING SALE OF REAL PROPERTY PURSUANT
TO 11 U.S.C. §§ 363(b), (f), (h) and (m) AND FOR RELATED RELIEF**

  The relief set forth on the following pages, numbered two (2) through six (6), is hereby ORDERED.

**DATED: May 14, 2024**

                _____
                **Honorable Vincent F. Papalia**
                **United States Bankruptcy Judge**

{F0217458 - 1}

Page 2
Debtor:     Elizabeth M. Convery
Case No.:   22-16516 (VFP)
Caption:    Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief

---

Upon consideration of the motion filed by Charles M. Forman, the chapter 7 trustee (the "Trustee") for the estate of Elizabeth M. Convery (the "Debtor") for the entry of an order authorizing the sale of real property located at 455 Lebanon Street, Wyckoff, New Jersey (the "Property") free and clear of liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 363(b), (f), (h) and (m) and for related relief (the "Motion"); and the court having considered the pleadings submitted in support of the Motion; and all creditors and parties-in-interest having received good and sufficient notice of the Motion and the proposed sale by the Trustee consistent with applicable Federal and Local Rules of Bankruptcy Procedure; and the Court having considered the responses and objections to the Motion filed by the Debtor and Brian Convery; and the Court having conducted a hearing on the matter on May 7, 2024 and all parties in interest having appeared at the hearing;  and for good cause shown; it is hereby

ORDERED that:

1.      The Contract of Sale, Addendum to the Contract of Sale and Buyer's Rider (collectively, the "Contract"), attached as <u>Exhibit A</u> to the Certification of Charles M. Forman submitted in support of the Trustee's Motion to sell the Property to the purchaser, Walid Salyman (the "Buyer"), is hereby approved.

2.      The terms and conditions of the proposed sale of the Property described in the Certification of Charles M. Forman and Memorandum of Law in support of the Motion, and in the Contract are approved in all respects.  Pursuant to 11 U.S.C. §363(b), the Trustee is authorized, directed, and empowered to sell the Property to the Buyer pursuant to the Contract,

{F0217458 - 1}

Page 3
Debtor: Elizabeth M. Convery
Case No.: 22-16516 (VFP)
Caption: Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief

and to take all further actions as reasonably may be required and that are consistent with this order for the purpose of effectuating the sale.

3. Pursuant to 11 U.S.C. §363(f), the Property shall be transferred to the Buyer free and clear of all interests, mortgages, liens, claims, judgments, encumbrances and charges of any kind or nature, with all such interests, mortgages, liens, claims, judgments, encumbrances and charges to attach to the proceeds of the sale in the order of their priority, with the same validity, force and effect that they now have or as otherwise directed by the court.

4. Pursuant to 11 U.S.C. §363(h), the Trustee is authorized to sell both the estate's interest and the interest of Brian Convery in the Property to the Buyer.

5. Except as set forth herein, the Property is sold "AS IS" and "WHERE IS" and shall remain subject to all recorded and enforceable easements, rights of way, permissive and restrictive covenants, and all outstanding code violations, if any.

6. All persons and entities served with the Motion, including, without limitation, any federal, state, or local government agent, department, or instrumentality, holding liens or claims against the Debtor arising on or before the closing date, or out of events occurring before the closing date, of any kind and nature with respect to the Property are barred from asserting such liens and claims of any kind and nature against the Property and the Buyer.

7. The Buyer is a good faith purchaser for value entitled to the protections of 11 U.S.C. §363(m).

{F0217458 - 1}

Page 4
Debtor:     Elizabeth M. Convery
Case No.:   22-16516 (VFP)
Caption:    Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief

8. The secured claim asserted by the Convery 2008 Family Trust (the "Convery Trust") pursuant to a mortgage in the principal amount of $250,000 dated November 9, 2021 and recorded with the Bergen County Clerk on November 17, 2021 as Instrument No. 2021171461 in Mortgage Book 4462, Page 1374 (the "Convery Trust Mortgage") shall be paid from the proceeds of sale at closing, which payment shall be a full and final satisfaction of the Convery Trust's secured claim against the Property and the Debtor's estate, including any proofs of claim filed by the Convery Trust in this case.

9. The secured claim asserted by Rocket Mortgage, LLC f/k/a Quicken Loans, LLC ("Rocket Mortgage") pursuant to a mortgage in the principal amount of $410,000 dated December 13, 2021 and recorded with the Bergen County Clerk on January 11, 2022 as Instrument No. 2022004458 in Mortgage Book 4530, Page 659 (the "Rocket Mortgage") shall be paid from the proceeds of sale at closing, which payment shall be a full and final satisfaction of Rocket Mortgage's secured claim against the Property and the Debtor's estate, including any proofs of claim filed by Rocket Mortgage in this case.

10. In accordance with the Contract, the Trustee is authorized to pay Keller Williams Village Square Realty, real estate agent for the Trustee, a real estate commission of $21,875 which is 2.5% of the purchase price of $865,000 plus $250. The Trustee is also authorized to pay United Real Estate, real estate agent for the Buyer, a real estate commission of $21,375, which is 2.5% of the purchase price less $250. Payment of real estate commissions shall be made from the proceeds of sale at closing.

{F0217458 - 1}

Page 5
Debtor:      Elizabeth M. Convery
Case No.:    22-16516 (VFP)
Caption:     Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief

---

11.    The Trustee be and hereby is authorized to pay all other reasonable and necessary closing costs associated with the sale of the Property, including but not limited to property taxes, municipal charges, or other credits, from the proceeds of sale at closing in the ordinary course of business without further order of the court.

12.    The Trustee is authorized to disburse 50% of the net proceeds of sale, after payment of all secured liens, real estate commissions, and closing costs, to Brian Convery as full and final satisfaction of his co-owner interest in the Property.  In the event Brian Convery asserts an interest in the net proceeds of sale greater than 50%, the Trustee shall hold all net proceeds of sale in the estate account pending a determination of Brian Convery's interest by a court of competent jurisdiction.

13.    The Trustee is authorized to disburse to the Debtor her claimed exemption of $27,900 from the net proceeds of sale pursuant to 11 U.S.C. §522(d)(1).

14.    The closing of sale for the Property shall take place on or before June 15, 2024, at a time and location to be determined by the parties.  The parties may mutually agree in writing to extend the deadline to close the sale of the Property without further notice to creditors or order of the Court.

15.    The Debtor and any other current occupants of the Property are directed to vacate the Property and turn over the keys to the Property to the Trustee or his professionals or before June 10, 2024 by 5:00 p.m., which deadline shall not be extended without the consent of the Trustee.

{F0217458 - 1}

| | |
|---|---|
| Debtor: | Elizabeth M. Convery |
| Case No.: | 22-16516 (VFP) |
| Caption: | Order Authorizing Sale of Real Property Pursuant to 11 U.S.C. §§ 363 (b), (f), (h) and (m) and for Related Relief |

---

16. The Debtor and Brian Convery are directed to remove all personal belongings from the Property, including any vehicles that are stored at the Property, and to leave the Property in "broom clean" condition by June 10, 2024

17. The Debtor and Brian Convery shall reasonably cooperate to remove their personal belongings from the Property, which cooperation shall include requests for assistance to their adult children, or the use of a third-party surrogate to remove Brian Convery's personal belongings from the Property.

18. In the event any personal belongings remain at the Property after June 10, 2024 and to the extent the Trustee is (i) required to incur out of pocket costs to remove such personal belongings or (ii) provide a credit to the Buyer for the removal of such personal belongings, the Trustee is authorized to assert claims for any damage to the estate against the Debtor and Brian Convery equally, including withholding net proceeds of sale in the amount of the claim or damages from the Debtor and Brian Convery, with any such claim to be resolved by agreement of the affected parties or, in the absence of such agreement, upon further Order of this Court. Any such dispute may be resolved by short letter application to the Court (no more than 2-3 pages) as to which any party in interest shall have the right to object by letter of similar length. The Court may resolve any such dispute on the papers or may conduct a hearing to do so.

19. This Court retains exclusive jurisdiction to enforce and implement this Order and to resolve any disputes, controversies or claims arising out of or relating to this Order or the contract.

20. All filing and recording officers are directed to accept, file, and record all instruments of transfer to be filed and recorded pursuant to and in accordance with this Order.

21. Any stay of this order pursuant to Fed. R. Bankr. P. 6004(h) is waived.

{F0217458 - 1}

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 22-16516-VFP
Elizabeth M. Convery  Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin    Page 1 of 2
Date Rcvd: May 15, 2024    Form ID: pdf903    Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**
+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2024:**

**Recip ID    Recipient Name and Address**
db    + Elizabeth M. Convery, 455 Lebanon Street, Wyckoff, NJ 07481-3020

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2024    Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 14, 2024 at the address(es) listed below:**

**Name    Email Address**

Aiden Murphy
    on behalf of Debtor Elizabeth M. Convery amurphy@scura.com
    ecfbkfilings@scuramealey.com;14799@notices.nextchapterbk.com;dstevens@scura.com;vmajano@scura.com;spereyra@scura.com;jromero@scura.com;sterry@scura.com

Cassandra C. Norgaard
    on behalf of Creditor John Conte cnorgaard@norgaardfirm.com
    amartinez@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;norgaard.cassandrac.b124931@notify.bestcase.com

Cassandra C. Norgaard
    on behalf of Creditor David Repetto cnorgaard@norgaardfirm.com
    amartinez@norgaardfirm.com;184grandno@gmail.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;norgaard.cassandrac.b124931@notify.bestcase.com

Charles M. Forman
    cforman@formanlaw.com  lcapasso@formanlaw.com;cforman@iq7technology.com;ecf.alert+Forman@titlexi.com

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 2 of 2 |
| Date Rcvd: May 15, 2024 | Form ID: pdf903 | Total Noticed: 1 |

Charles M. Forman
    on behalf of Trustee Charles M. Forman cforman@formanlaw.com
    lcapasso@formanlaw.com;cforman@iq7technology.com;ecf.alert+Forman@titlexi.com

David L. Stevens
    on behalf of Debtor Elizabeth M. Convery dstevens@scura.com
    dstevens@scura.com;ecfbkfilings@scuramealey.com;pevangelista@scura.com;amurphy@scura.com;vmajano@scura.com;jromero@scura.com;spereyra@scura.com;14518@notices.nextchapterbk.com;dwoody@scura.com;sterry@scura

Denise E. Carlon
    on behalf of Creditor Rocket Mortgage  LLC f/k/a Quicken Loans, LLC dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com

Eric R. Perkins
    on behalf of Interested Party Brian Convery eperkins@becker.legal  tcolombini@becker.legal;jlawrence@becker.legal

John P. Di Iorio
    on behalf of Plaintiff Mary Stachowiak jdiiorio@shapiro-croland.com

John P. Di Iorio
    on behalf of Creditor Mary Stachowiak jdiiorio@shapiro-croland.com

Justin Baumgartner
    on behalf of Interested Party Brian Convery jbaumgartner@becker.legal  tcolombini@becker.legal

Karl J. Norgaard
    on behalf of Plaintiff Claire Mooney knorgaard@norgaardfirm.com
    amartinez@norgaardfirm.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;crose@norgaardfirm.com

Karl J. Norgaard
    on behalf of Creditor David Repetto knorgaard@norgaardfirm.com
    amartinez@norgaardfirm.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;crose@norgaardfirm.com

Karl J. Norgaard
    on behalf of Plaintiff Mary Stachowiak knorgaard@norgaardfirm.com
    amartinez@norgaardfirm.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;crose@norgaardfirm.com

Karl J. Norgaard
    on behalf of Creditor John Conte knorgaard@norgaardfirm.com
    amartinez@norgaardfirm.com;kcimmino@norgaardfirm.com;dtakach@norgaardfirm.com;crose@norgaardfirm.com

Kimberly J. Salomon
    on behalf of Plaintiff Charles M. Forman ksalomon@formanlaw.com  jkisla@formanlaw.com

Kimberly J. Salomon
    on behalf of Trustee Charles M. Forman ksalomon@formanlaw.com  jkisla@formanlaw.com

Myles Missirian
    on behalf of Creditor Guaglardi & Meliti LLP mmissirian@adgmlaw.com, mmissirian@adgmlaw.com

Paul Evangelista
    on behalf of Debtor Elizabeth M. Convery pevangelista@scura.com
    pselawpc@gmail.com;dstevens@scura.com;ecfbkfilings@scuramealey.com;jromero@scura.com;vmajano@scura.com;spereyra@scura.com;dwoody@scura.com

Richard D. Trenk
    on behalf of Interested Party Convery 2008 Family Trust rtrenk@trenkisabel.law  cdeangelis@trenkisabel.law

U.S. Trustee
    USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 21