| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>(201) 845-1000<br>Attorneys for Charles M. Forman,<br>Chapter 7 Trustee<br>Kimberly J. Salomon, Esq.<br>ksalomon@formanlaw.com | Order Filed on July 11, 2024<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>ELIZABETH M. CONVERY,<br><br>Debtor. | Chapter:   7<br><br>Case No.:  22-16516 (VFP)<br><br>Hon. Vincent F. Papalia |

**ORDER APPROVING A SETTLEMENT PURSUANT TO <u>FED. R. BANKR. P. 9019</u> BETWEEN THE TRUSTEE AND BRIAN CONVERY**

The relief set forth in the following page, numbered two (2), be and hereby is

**ORDERED.**

**DATED: July 11, 2024**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

{F0219088 - 1}

Page (2)
Debtor:    Elizabeth M. Convery
Case No.:  22-16516 (VFP)
Caption:   Order Approving Settlement Pursuant to Fed. R. Bankr. P. 9019 Between the Trustee and Brian Convery

**THIS MATTER,** having been brought before the court upon the motion of Charles M. Forman, chapter 7 trustee (the "Trustee") for Elizabeth M. Convery (the "Debtor"), through his attorneys, Forman Holt, for the entry of an order approving his settlement pursuant Fed. R. Bankr. P. 9019(a) with Brian Convery; and the court having considered the pleadings submitted and the arguments of counsel; and it appearing that good and sufficient notice of the proposed settlement having been provided to the Office of the United States Trustee, all creditors and other parties-in-interest; and for good cause shown; it is

**ORDERED AS FOLLOWS:**

1. The Motion Approving Settlement Pursuant to Fed. R. Bankr. P. 9019 Between the Trustee and Brian Convery is granted.

2. The Settlement Agreement between the Trustee and Brian Convery attached hereto as Exhibit A is approved.

{F0219088 - 1}

# EXHIBIT A

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is made and executed by Charles M. Forman, in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Elizabeth Convery (the "Debtor"), and Brian Convery (collectively, the "Parties") as of May __, 2024 (the "Effective Date").

## RECITALS

A. On August 17, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") (Case No. 22-16516 (VFP)).

B. On June 8, 2023 (the "Conversion Date"), the Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code. [Doc. No. 56].

C. On the Conversion Date, the Office of the United States Trustee appointed the Trustee to serve as the chapter 7 trustee in the Debtor's case and the Trustee continues to serve in that capacity.

D. The Debtor owns a 2015 Subaru Outback, VIN # 4S4BSAJC4F3306039 (the "Vehicle") which has a scheduled value of $3,273 [Doc. No. 105] and a Kelly Blue Book Value of between $6,000 to $7,000. The Vehicle is the property of the Debtor's chapter 7 estate within the meaning of §541 of the Bankruptcy Code.

E. The Debtor has not claimed an exemption in the Vehicle under 11 U.S.C. §§522(d)(2) or (5).

F. The Debtor and Brian Convery are the co-owners of real property at 455 Lebanon Street, Wyckoff, New Jersey (the "Property"). The Debtor's interest in the Property is the property of the Debtor's chapter 7 estate within the meaning of §541 of the Bankruptcy Code.

G. On January 29, 2024, the Court entered a Consent Judgment authorizing the sale of both the estate's interest and Brian Convery's interest in the Property under 11 U.S.C. §§363(h) [Adv. Pro. No. 23-1352 (SLM), Doc. No. 8].

H. On April 2, 2024, the Trustee filed a Motion to Authorize the Sale of the Property Pursuant to 11 U.S.C. §363(b), (f) and (h), among other relief (the "Sale Motion"). [Doc. No. 108]. The Sale Motion is pending before the Court and a hearing is scheduled for May 7, 2024.

I. Upon information and belief, Brian Convery has been paying the carrying costs associated with the Property, including the mortgage, property taxes and insurance, for the duration of the chapter 7 case. Brian Convery has asserted claims for contribution from the estate's interest in the net proceeds of sale of the Property.

{F0216704 - 1}

J. The Trustee and the Debtor have engaged in settlement negotiations with respect to the sale of the Vehicle and the disposition of proceeds of sale of the Property and desire to settle the matter on the terms and conditions set forth below.

## AGREEMENT

For good and valuable consideration, the receipt of which the parties acknowledge, the Parties stipulate and agree that:

1. The Trustee shall transfer the estate's interest in the Vehicle to Brian Convery in exchange for Brian Convery's waiver of any contribution claims against the estate with respect to the net proceeds of sale of the Property.

2. The Trustee will issue a Bill of Sale to Brian Convery for the purchase of the estate's interest in the Vehicle upon Court approval of this Agreement.

3. The net proceeds of sale of the Property, after payment of the realtors' commissions and legal costs of closing, and after payment of the mortgages on the Property and the usual closing adjustments between the buyer and seller, shall be divided equally between the chapter 7 estate and Brian Convery. Any additional claims that could or may be asserted by Brian Convery against the estate in connection with the Property are waived.

4. Upon the Trustee's receipt of an executed Agreement, the Trustee will promptly file a motion with the Bankruptcy Court seeking approval of this Agreement consistent with Fed. R. Bankr. P. 9019 and D.N.J. LBR 9019-3.

5. This Agreement, the settlement memorialized herein, and the Parties' obligations to perform hereunder, are subject to the Bankruptcy Court's approval.

6. Each of the Parties represent and warrant that they reviewed this Agreement with their respective attorneys, they are duly authorized to execute this Agreement, and they intend to be legally bound by all provisions of this Agreement, subject to Bankruptcy Court approval.

7. This Agreement may be executed in one or more counterparts, including by PDF or facsimile, each of which is deemed an original, but all of which together constitute one and the same instrument.

8. This Agreement shall be construed and interpreted in accordance with New Jersey law, without regard to principles relating to conflicts of law.

9. This Agreement may not be amended unless by a writing signed by all Parties. This Agreement is an integrated agreement and contains the entire agreement among the Parties regarding the matters set forth and each of the Parties acknowledges that this Agreement controls over the Parties' prior discussions and negotiations.

10. Except as expressly set forth herein, the Parties have not relied on any representation or warranty made by another Party in entering into this Agreement.

{F0216704 - 1}    2

11. The Parties acknowledge and agree that the Bankruptcy Court shall have jurisdiction over the Parties and the subject matter hereof to resolve all disputes arising under this Agreement.

WHEREFORE, the Parties execute this Agreement as of the __3__ day of ~~May~~ June, 2024.

_____
CHARLES M. FORMAN, solely in his capacity
as the chapter 7 trustee for the estate of Elizabeth Convery

_____
Brian Convery

Dated: __6/2/2024__

{F0216704 - 1}    3